IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALEX RAMIREZ TORRES**                                                                              **PLAINTIFF**

v.                                                                   **CIVIL ACTION NO. 3:21-cv-00193-HTW-LGI**

**CENTRAL MISSISSIPPI
CORRECTIONAL FACILITY, et al.**                                                          **DEFENDANTS**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTTRATE JUDGE

This matter is before the Court *sua sponte*. After consideration of the record and relevant legal authority, the Court recommends that this civil action should be dismissed without prejudice.

I.   BACKGROUND

*Pro se* Plaintiff Alex Ramirez Torres ("Plaintiff"), an inmate in the custody of the Federal Bureau of Prisons[1], filed a Complaint for alleged violations of his civil rights under 28 U.S.C. § 1983. *See* Doc. [1]. Plaintiff alleges violations of his 8th Amendment right to be free from cruel and unusual punishment. *Id.* He also alleges Defendants failed to properly train its guards and staff, claiming that he was subjected to excessive force and brutality by a corrections officer. *Id*. at 5, ¶¶ 15-20. Specifically, he claims that he "was attacked by a prison guard by being picked up from behind and dumped on his head causing severe injuries to his skull and injury to his neck and vertebrae." *Id*. at 3, ¶ 7. As a result of the alleged "body slam maneuver", Plaintiff claims he sustained a gash to his head, that required eleven staples, severe swelling and loss of movement to his neck, pain and ringing in is ears, and vertigo and dizziness. *Id*. at 4, ¶10.

On May 6, 2022, the undersigned Magistrate Judge entered an Order [12], ordering

---

[1] Plaintiff is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. *See* Doc. [20], Notice of Change of Address filed by Plaintiff. At the time of the alleged incident, Plaintiff was an inmate at Central Mississippi Correctional Facility, located in Pearl, Mississippi. *See* Complaint [1].

Plaintiff to perfect service of process upon Defendants Central Mississippi Correctional Facility, Superintendent Ron King, C.O. Unknown Lacey, Mississippi Department of Corrections, Commissioner Pelecia E. Hall, and John Does 1-5 within thirty (30) days, and also ordering Plaintiff to show cause as to why he had not timely perfected service upon the Defendants during the thirteen (13) month period that the case had been pending at that point. *See* Order to Show Cause [12]. The Order [12] also warned Plaintiff that failure to timely comply with the Court's directives may result in the dismissal of the Complaint. *Id*.

On June 3, 2022, Plaintiff replied to the Order to Show Cause [12], explaining that he had been in the "S.H.U." and unable to move his case forward. He also requested a court date and a court appointed lawyer. *See* Doc. [13], Plaintiff's Response to Order to Show Cause [12]. On July 7, 2022, the Court denied Plaintiff's requests. *See* Order [14].

On October 27, 2022, Court entered its second Order to Show Cause [15], again ordering Plaintiff to perfect service of process upon Defendants thirty (30) days, and also ordering Plaintiff to show cause as to why he had not timely perfected service upon the Defendants during the nineteen (19) month pendency of the case. *See* Order to Show Cause [15]. Yet again, the Order [19] warned that failure to timely comply with the Court's directives may result in the dismissal of Plaintiff's Complaint. *Id*. On January 20, 2023, Plaintiff filed a Response [16], advising that he has "been unable to comply with this Court's Order to Show Cause" and that he expected to "be transferred from Marianna FCI to Terre Haute USP/FCI in Indiana" within thirty to forty-five days. Doc. [16] at 1-2. Plaintiff also requested a 90-to-120-day extension of time to perfect service on the Defendants and that this Court order the U.S. Marshals to serve the Complaint and Summons on the Defendants. *Id*. at 2-3.

On February 24, 2023, Plaintiff filed a Change of Address [17], notifying this Court that

he had been transferred from the prison in Marianna, Florida and was being held in a transfer center in Brady County, Oklahoma. On March 2, 2023, this Court granted Plaintiff a 45-day extension of time to serve process upon the Defendants, and it mailed a copy of the Order to Plaintiff at the transfer center in Brady County, Oklahoma. *See* Text-only Order, dated March 2, 2023. On April 13, 2023, the mail was returned to this Court as undeliverable. On April 21, 2023, Plaintiff filed a Change of Address [19], notifying the Court of his new address in Terre Haute, Indiana, which is where Plaintiff has been for the past seven (7) months.

Since Plaintiff is proceeding *pro se*, the Court provided Plaintiff with one final opportunity to comply with the Court's prior Orders. On September 29, 2023, this Court entered an Order [20], directing Plaintiff to comply with the Court's previous Text-only Order of March 2, 2023 and it mailed a copy of the Order to Plaintiff at the facility in Terre Haute, Indiana. *See* Text-only Order, dated September 29, 2023. Plaintiff was ordered to perfect service upon the Defendants, within thirty (30) days, by October 30, 2023, and he was again – for the third time – warned that failure to comply with this Court's directives may result in dismissal of this action. *Id*. Plaintiff failed to comply with the Court's Order [20].

Plaintiff has failed to comply with three court orders. The Court warned Plaintiff – on three occasions – that failure to comply with the Court's orders could lead to the dismissal of this case. *See* Order to Show Cause [12]; Second Order to Show Cause [15]; and Order [20].

## II.   **DISCUSSION**

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may

dismiss an action *sua sponte* if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Plaintiff did not comply with three Court Orders, after being warned that failing to do so may result in the dismissal of his lawsuit. Plaintiff has taken no further action in this case, since he filed a Change of Address, on April 21, 2023, which was more than six months ago. The Court has directed Plaintiff to effectuate service upon the Defendants on multiple occasions, but Plaintiff failed to comply. The Court's last order specifically directed the Plaintiff to effectuate service within thirty (30) days, by October 30, 2023. *See* Order [20], entered on September 29, 2023. A review of the docket reveals there has been no activity in this case since the September 29 Order [20].

This Court employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to comply would result in the dismissal of this case. "Longstanding precedent indicates that dismissal is appropriate where, as here, the length of the delay has been substantial, Plaintiff has been given multiple opportunities to file the ordered documents, and Plaintiff has been warned that dismissal will result if service of process was not made upon Defendants, pursuant to Rule 4. *See Fox v. Sessums*, No. 3:11-cv-377-CWR-MTP, ECF No. 64 at 2 (S.D. Miss. Feb. 5, 2013) (*sua sponte* dismissing pro se claims for failure to prosecute), *aff'd*, 551 F. App'x 772, 775 (5th Cir. 2014) (finding "the district court properly dismissed these claims under Rule 41(b)").

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint [1] filed under 42 U.S.C. § 1983 be dismissed without prejudice for Plaintiff's failure to prosecute and comply with the Court's Orders.

## NOTICE OF RIGHT TO OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SO ORDERED**, this the 15th day of November, 2023.

*s/* LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE