IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALEX RAMIREZ TORRES**                                                                                   **PLAINTIFF**

v.                                                            CIVIL ACTION NO.: 3:21-cv-193-HTW-LGI

**CENTRAL MISSISSIPPI CORRECTIONAL FACILITY, et al.**            **DEFENDANTS**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

BEFORE THIS COURT is the Report and Recommendation **[Docket No. 21]** of the United States Magistrate Judge LaKeysha Greer Isaac. In her Report and Recommendation, filed November 15, 2023, Magistrate Judge Isaac recommended the Plaintiff's, Alex Ramirez Torres ("Torres"), civil action be dismissed without prejudice. Magistrate Judge Isaac directed the Plaintiff to file any written objections within fourteen (14) days. On November 11, 2023, Torres filed his objection **[Docket No. 22]** to the Report and Recommendation. This Court hereby adopts the Report and Recommendation **[Docket No. 21]** for the reasons stated *infra*.

On March 15, 2021, *pro se* Plaintiff, Torres, filed a Complaint for alleged violations of his civil rights under 28 U.S.C. §1983 **[Docket No. 1]**. Torres alleges *inter alia* the following: violations of his 8th Amendment right to be free from cruel and unusual punishment; the Defendants' failure properly to train its guards and staff, subjecting Plaintiff to excessive force and brutality. Allegedly, Plaintiff was attacked by a prison guard resulting in severe injuries to his skull, neck, and vertebrae. These injuries required staples. Plaintiff suffers from ear pain, vertigo, and severe dizziness. *Id*.

On May 6, 2022, Magistrate Judge Isaac issued the first Show Cause Order **[Docket No. 12]**, ordering Torres within thirty (30) days to perfect service of process upon Defendants Central Mississippi Correctional Facility; Superintendent Ron King; C.O. Unknown Lacey; Mississippi

Department of Corrections; Commissioner Pelecia E. Hall; and John Does 1-5 (collectively, "the Defendants"). *Id.*

Magistrate Judge Isaac's Order further instructed Torres to show cause as to why he had not perfected service timely upon the Defendants. *Id.* The Order warned Torres that failure to comply timely with the Court's directives may result in dismissal of the Complaint. *Id.*

On June 3, 2022, Torres responded to the Order to Show Cause, stating he was "currently in S.H.U. (special housing unit)" and requested, further, a court-appointed lawyer **[Docket No. 13]**. On July 7, 2022, Magistrate Judge Isaac denied Torres' motion for appointment of counsel **[Docket No. 14]**.

On October 27, 2022, Magistrate Judge Isaac issued a second Show Cause Order **[Docket No. 15]**, ordering Torres to perfect service of process upon the Defendants within thirty (30) days and to show cause as to why he had failed to perfect service timely **[Docket No. 15]**. The second Order again warned Torres that failure to comply with the Court's directives may result in dismissal of his Complaint. *Id.*

On January 20, 2023, Torres responded to the second Show Cause Order, stating *inter alia* he "expects to be transferred from Marianna FCI to Terre Haute USP/FCI in Indiana. **[Docket No. 16]**. Torres requested an additional 90–120-day extension to perfect service. *Id.* On March 2, 2023, Magistrate Judge Isaac granted Torres' extension request, granting Torres an additional 45-day extension to perfect service.

On September 29, 2023, Magistrate Judge Isaac entered a third and final Show Cause Order **[Docket No. 20]**. This final Show Cause Order directed Torres to comply with the Court's March 2, 2023, text-only order, requiring Torres to perfect service upon the Defendants. *Id.* Magistrate

Judge Isaac's final Show Cause Order instructed Torres again that failure to comply may result in the dismissal of this action. *Id.*

To date, Torres has not perfected service upon the Defendants and has failed to comply with three court orders. *See* Docket No. 12; Docket No. 15; and Docket No. 20.

The Report and Recommendation **[Docket No. 21]**, is well-taken. The Magistrate Judge found Torres failed to serve process on the Defendants despite three Show Cause Orders instructing him to do so.

On November 30, 2023, Torres objected to the Report and Recommendation requesting another extension of time **[Docket No. 22]**. This Court finds insufficient Torres' various, offered excuses:

> (1) I have no assistance on the street and am currently in S.H.U. […] I am not an educated person and do not know law and I have to admit that I need help to file this lawsuit **[Docket No. 13]**.
>
> (2) Due to Plaintiff being in the SHU, she[1] has extremely limited access to legal material/resources […] [and] to legal assistance from law clerks. Not only that but [Plaintiff has] limit[ed] access to telephone [and] legal forms. She has no way of getting the address or contact information of the defendants. Thus, this is why 'service of process' upon defendants has not happened. Sometime within the next thirty (30) to forty-five (45) days the Plaintiff will be transferred from Marianna FCI to Terre Haute USP/FCI in Indiana **[Docket No. 16]**.
>
> (3) [M]y attorney withdrew to represent me in my lawsuit. […] I have been working on this lawsuit on my own, however I have ran into many obstacles not allowing me to thoroughly and meticulously represent myself along with providing the facts in this case. […] I was not able to use the phone nor utilize the Law Library. […] I am not close to being a lawyer but I have exerted my efforts into this case and at the time I am not mentally and emotionally prepared to undertake this all by myself, especially since I have just been sexually abused. I ask the court to grant me an extension so I can properly prepare my mental stability to continue on this matter for I have put a lot of effort into this sensitive matter **[Docket No. 22]**.

Finding that nine months have passed since Torres sought an extension of time, and finding that process has yet to be perfected upon the Defendants, this Court must dismiss this action.

---

[1] Torres is transgender and identifies as a woman. Torres uses "she/her" pronouns.

Accepting the Magistrate Judge's recommendation of dismissal of this case without prejudice, under Rule 41(b) for failure to prosecute and for failure to obey a Court order, this Court is totally in agreement with the Magistrate Judge.

This Order commensurately hereby **DISMISSES** the instant petition **WITHOUT PREJUDICE.**

**SO ORDERED this the 19th, day of September 2024.**

/s/HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE